# Exhibit A

William Turley, Esq. (122408)
David Mara, Esq. (230498)
**THE TURLEY LAW FIRM, APLC**
625 Broadway, Suite 635
San Diego, California 92101
Telephone: (619) 234-2833
Facsimile:  (619) 234-4048

**Attorneys for Plaintiff PHILIP LO CASCIO**
on behalf of himself and all others similarly
situated, and on behalf of the general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| PHILIP LO CASCIO, on behalf of himself and all others similarly situated, and on behalf of the general public | Case No.  37-2014-00042259-CU-OE-CTL |
| | **CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION** |
| Plaintiff, | |
| v. | 1)   **Wage Theft/Time Shaving** |
| | 2)   **Failure to pay overtime** |
| HERTZ LOCAL EDITION; THE HERTZ CORPORATION , | 3)   **Failure to provide meal periods (Lab. Code §§ 226.7, 512; IWC Wage Orders; Cal. Code Regs. Title 8, § 11090);** |
| and DOES 1-100 | 4)   **Failure to authorize and permit periods (Lab. Code § 226.7; IWC Wage Orders; Cal. Code Regs. Title 8, §11090);** |
| Defendants. | 5)   **Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175);** |
| | 6)   **Failure to pay compensation for all time worked: Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B), Lab. Code §§ 200,221,222,223** |
| | 7)   **Illegal vacation policy (Lab. Code § 227.3);** |
| | 8)   **Waiting time penalties;** |
| | 9)   **Violation of unfair competition law (Bus. & Prof. Code § 17200, et seq.).** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff PHILIP LO CASCIO, on behalf of himself and all others similarly situated,

and on  behalf of the general public, complains of Defendants and/or DOES and for causes of

action and alleges:

1.  This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff PHILIP LO CASCIO and all employees, including but not limited to, hourly workers not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities (hereinafter "Non-Exempt Employees") employed by, or formerly employed by, HERTZ LOCAL EDITION; THE HERTZ CORPORATION; and/or subsidiaries or affiliated companies and/or DOES, within the State of California whom have the job title of manager trainees or similar job titles

2.  At all times mentioned herein, the common policies and practices of HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code as set forth more fully within.

3.  For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES had a uniform policy and/or practice of under staffing their locations and thus pressuring their Non-Exempt Employees to work through meal periods and/or not provide legally compliant meal periods.

4.  For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES had a uniform policy and/or practice of under staffing their locations and thus pressuring their Non-Exempt Employees within California  to work through rest periods and/or not authorizing and/or permitting rest periods.

5.  For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES had a uniform policy and/or practice controlling the budgets for their locations, including labor budgets such that the stores did not have adequate workers to handle the press of business.

6.  For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES had a uniform policy and/or practice of not scheduling employee meal periods, requiring employees to get

permission from supervisors before they can take a meal period and/or requiring employees to take case of customers and miss meal periods and/or take late meal periods.

7.     For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES had a uniform policy and/or practice of providing commissions and/or bonuses to their California employees. However, no calculations and/or tabulations were provided on their paycheck stubs to said California employees which allowed them to figure how and/or why they were receiving the amounts paid.

8.     For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES had a uniform policy and/or practice of changing commission structures and/or bonuses structures and/or the way said commissions and/or bonuses were paid. Based the constantly changing commission and/or bonus structure - - this allowed Defendants and/or Does to short employees. That is, not pay commissions and/or bonuses at the agreed upon rate, and/or amount.   In essence, Defendants breached contracts and/or agreements to pay said employees the commissions and/or bonuses owed and/or agree to - either impliedly and/or expressly.

9.     For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws and deducting a half hours pay and/or an hours pay from their wages.

10.    For at least four years prior to filing of this action and through the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES did not have a policy of allowing its hourly employees working shifts of 10 or more hours in a day to

take a second meal period of not less than thirty minutes as required by the applicable Wage Order of the Industrial Welfare Commission.

11.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

12.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California's state wage and hour laws.

13.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have had a continuous policy of "time shaving" or not paying Plaintiff and those similarly situated for all their hours worked.  Specifically, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have had a continuous and widespread policy of Non-Exempt employees working while they were clocked out for meal periods and not paying wages for all hours worked.

14.    Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES had a policy and/or practice not paying for all time worked; thereby deducting 30 minutes and/or 60 minutes of paid time, including straight time and overtime, even though Plaintiff and those similarly situated worked through their meal periods, were not relieved of all

duties, were not relinquished control over their activities, were not permitted a reasonable opportunity to take an uninterrupted 30- minute break and/or were impeded, discouraged and/or given an incentive to forego their meal break.

15.    For at least four years prior to filing this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have knowingly and intentionally failed  to comply with the itemized employee wage statement provisions and have failed to pay Plaintiff and those similarly situated compensation for said violations as required by California's state wage and hour laws.

16.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have had a consistent policy of upon termination not paying employees all vested and/or earned and unused vacation at their final rate of pay.

17.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES fraudulently represented to Plaintiff and those similarly situated that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

18.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and those similarly situated the wages they are owed.

19.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES and/or their officers and/or managing agents willfully failed to pay, in a timely manner, wages owed to Plaintiff and members of the Class who left Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION   and/or DOES's employ or who were

terminated.

20. For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

21. Plaintiff PHILIP LO CASCIO, on behalf of himself and all Class Members, brings this action pursuant to Labor Code sections 226, subdivision (b), 226.7, 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages and overtime, unpaid rest and meal period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

22. Plaintiff PHILIP LO CASCIO, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief, and restitution, from Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES for their failure to pay straight time and overtime wages, pay compensation for all hours worked, provide 10 minute paid rest periods, and rest and meal period compensation.

23. Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES own and operate industrial work sites, and, at all times during the liability period, have conducted business in San Diego and elsewhere within California. At these work sites and throughout California, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES have, among other things, employed persons as manager trainees.

24. HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES' business is staffed, inter alia, by hourly Non-Exempt Employees such as manager trainees and/or similar positions. HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES' employees have not been paid during the liability period all their straight time and

overtime wages and rest and meal period compensation. Plaintiff is informed and believes, and based thereon alleges, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES currently employ many employees in the State of California as Non-Exempt Employees.

25. During the liability period, some of the members of the Plaintiff Class were employed by Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES as Non-Exempt Employees and were paid on an hourly basis. Plaintiff and the members of the Plaintiff Class of HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt Employees were not provided all straight time and overtime wages owed and rest or meal periods or compensation in lieu thereof as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

26. Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES are and were aware that the HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt Employees were not paid all straight time and overtime wages owed nor provided rest and meal periods. Defendants' and/or DOES' denial of wages and other compensation due to Plaintiff and members of the Plaintiff Class in the position of HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt Employees was willful and deliberate.

27. Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES willfully failed to pay the straight time and overtime wages owed and rest and meal period wages of former HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt Employees, including members of Plaintiff Class, when each such employee quit or was discharged.

28. Based upon information and belief, during the liability period, some of the members of the Plaintiff Class were employed by Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES as Non-Exempt Employees and were paid on an piece rate

basis, including - but not limited to, by the mile, by the stop and/or by the load. Such workers were not compensated for all time worked - including, but not limited to - pre-trips, post-trips, fuel time, meetings, wait time, loading time, CHP stops, inspections, paperwork, calls to dispatch and the like. In addition, Defendants and/or DOES failed to provide paid 10 minute rest periods to such manager trainees.

29.    Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES willfully failed to provide itemized paychecks, stubs, vouchers, checks, and/or drafts which provided an accurate statement in writing showing gross wages earned, total hours worked, number of piece rate units earned, all deductions, net wages earned, and/or other violations of Labor Code Section 226.  Plaintiff and the Putative class were injured because they could not determine how their wages, hours and/or piece rate was calculated and/or their accurate pay.

## I.  VENUE

30.    Venue as to each Defendant HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES is proper in this judicial district, pursuant to Code of Civil Procedure section 395.  Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES operate industrial facilities and  employ hourly employees, conduct business, and commit Labor Code violations within .San Diego County and California, and each Defendant and/or DOE is within the jurisdiction of this Court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within .San Diego County, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES employ numerous Class Members in California and/or .San Diego County.

## II.  PARTIES

### A.  Plaintiff.

31.    Plaintiff PHILIP LO CASCIO is a resident of California, at all relevant times herein he was employed by Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

and/or DOES for the last four years as a manager trainee at HERTZ LOCAL EDITION; THE HERTZ CORPORATION in California. throughout his employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES, Mr. PHILIP LO CASCIO was employed in a non-exempt capacity as an hourly  manager trainee.

32.   On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES' common company policies of failing to pay all straight time and overtime wages owed,  and providing no rest periods and no meal periods to employees working at least five hours or any additional meal periods for working in excess of 10 hours, or compensation in lieu thereof.  On information and belief, Defendants and/or DOES willfully failed to pay their employees and members of the Plaintiff Class in a timely manner compensation owing to them upon termination of their employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES.

**B.**   **Defendants**.

33.   Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES are engaged in the ownership and operation of industrial  sites located within .San Diego County, and throughout the State of California.  During the liability period, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES employed Plaintiff and similarly situated persons as HERTZ LOCAL EDITION; THE HERTZ CORPORATION    Non-Exempt Employees within California.  On information and belief, each of the Defendants and/or DOES is conducting business in California.

34.   Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES are engaged in the ownership and operation of industrial  sites  located within .San Diego County, and throughout the State of California.  During the liability period, Defendants and/or DOES employed Plaintiff and similarly situated persons as HERTZ LOCAL EDITION; THE HERTZ CORPORATION  Non-Exempt Employees within California.

35.   HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES' principal

place of business is in the State of California.

36.     HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES have numerous offices and/or contracts in the State of California.

37.     California is the nerve center of HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES operations.

38.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

39.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant and/or DOE are legally attributable to the other Defendants and/or DOES.

## III.   CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee manager trainees and/or similar job designations and titles, during the period of the relevant statute of limitations.

- 10 -

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee  manager trainees  or similar job designations and titles, during the period of the relevant statute of limitations, who were not paid all straight time wages and overtime.

All persons who are or have been employed by Defendants and/or,DOES in the State of California as hourly employee industrial manager trainees  or similar job designations and titles, during

the period of the relevant statute of limitations, who were subject to auto-meal deduct, when they were not relieved of all duties.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee  manager trainees  or similar job designations and titles, during the period of the relevant statute of limitations who have not been authorized and permitted to take a rest period for every four hours or major fraction thereof worked per day and were not provided compensation of one hour's pay or other compensation for each day on which such rest periods were not authorized and permitted.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee  manager trainees  or similar job designations and titles, during the period of the relevant statute of limitations who have worked five and/or ten hours without being provided a meal period and/or additional meal period and were not provided compensation of one hour's pay or other compensation for each day on which such meal period was not provided.

All persons who are or have been employed by Defendants and/or DOES in the State of California as hourly employee workers, or similar job designations and titles, during the period of the relevant statute of limitations who Defendants and/or DOES willfully failed to pay in a timely manner compensation owing to them upon termination of their employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES.

All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint and who have not been compensated for all time worked.

All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint and who have not been paid all commissions and/or bonuses owed.

All persons who are employed or have been employed by Defendants in the State of California as manager trainees or in any similar position within four (4) years of the filing of the Complaint and who were not provided 10 minute paid rest periods.

All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint and who have not paid all earned and/or vested vacation.

Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

41.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.      **Numerosity**.

42.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants and/or DOES currently employ, and during the relevant time periods employed, thousands of employees, all in the State of California, in positions as Defendants' and/or DOES' Non-Exempt Employees in San Diego County and dispersed throughout California during the liability period and who are or have been affected by Defendants' and/or DOES' policies of shaving time, failing to pay all straight time and overtime wages, not providing meal periods or providing them more than five hours into an employee's shift, not authorizing and permitting rest periods without the appropriate legal compensation and not timely paying waiting time monies.

43.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants' and/or DOES' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

B.      **Commonality**.

44.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

        (1)     Whether Defendants and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to

- 13 -

authorize, permit, and/or provide rest periods to employees for every four hours or major fraction thereof worked and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(2)     Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(3)     Whether Defendants and/or DOES violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30 minute meal period and not counting the time as time worked.

(4)     Whether Defendants' and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES not providing meal and rest periods, in that said policies pressured its Non-Exempt hourly manager trainees to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or not legally provide meal periods.

(5)     Whether Defendants and/or DOES had a pattern and practice of pressuring its hourly Non-Exempt manager trainees to work and/or perform job duties that made it impractical for HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt manager trainees to be relieved of all duty

for 30 minute meal periods and/or 10 minute rest periods.

(6) Whether the in existence of a policy allowing a second meal period in shifts of over five (5) hours resulted in HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt manager trainees not being provided a second meal period in accordance with the Labor Code and Wage Orders.

(7) Whether the in existence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt industrial manager trainees not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the Labor Code and Wage Orders.

(8) Whether Defendant's and/or DOES' uniform policy of deducting thirty (30) minutes from its Non-Exempt manager trainees for each day worked - regardless of whether the Non-Exempt manager trainees were relieved of duty for thirty (30) minutes - violated the Labor Code and Wage Orders.

(9) Whether Defendants and/or DOES violated section 226 of the Labor Code and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)© by knowingly and intentionally failing to, among other violations, accurately report compensation owed and/or compensation owed for rest and meal period violations.

(10) Whether Defendants and/or DOES have had a consistent policy of upon termination not paying employees all vested and/or earned and unused vacation at their final rate of pay.

(11) Whether Defendants and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the Class who left Defendants' and/or DOES' employ or who were terminated.

- 15 -

(12)    Whether Defendants and/or DOES violated section 17200, et seq. of the California Business and Professions Code by shaving time, failing to pay all wages and overtime, and failing to provide meal periods without compensating Non-Exempt Employees one hour's pay for every day such periods were not provided, a and not authorizing and/or permitting rest periods and not out paying an hour's pay for such. nd failing to keep accurate records of Class Members' compensation owed.

(13)    Whether Defendants and/or DOES violated Labor Code sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(14)    Whether Defendants and/or DOES violated Labor Code Labor Code Section 203 which provides for the assessment of a penalty against the employer when there is a willful failure to pay wages due the employee at conclusion of the employment relationship.

**C.    Typicality.**

45.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

**D.    Adequacy of Representation.**

46.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represents Plaintiff are competent and experienced in litigating large employment class actions.

**E.    Superiority of Class Action.**

47.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions

- 16 -

of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' and/or DOES' illegal policy and/or practice of failing to pay all straight time and overtime wages owed, not providing meal periods, denying Class Members legally compliant  meal periods without legal compensation, requiring employees to work in excess of ten hours per day without additional meal periods, and not compensating members of the Class for all time worked and not authorizing and/or permitting  rest periods and not out paying an hour's pay for such.

48.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.   CAUSES OF ACTION.

**First cause of action against all Defendants and/or DOES: Wage-Theft/ Time-Shaving.**

49.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

50.   Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.  Specifically, Defendants and/or DOES have a continuous policy of pressuring, encouraging, incentivising and/or requiring Plaintiffs and those similarly situated to work off the clock during meal periods.

51.   Thus, Defendants and/or DOES shave/ steal earned wages from Plaintiff and each and every member of the Class each and every day they work without a meal period and have time deducted.

52.   Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiff's and the Class members' were

working during meal periods. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law. Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Labor Code sections 510 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

53.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic uniform working off the clock during meal periods and/or at other time, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. Defendants and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. Plaintiff and the Class members are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial. Plaintiffs are also entitled to any penalties allowed by law.

54.   As a direct result of Defendants' and/or DOES' policy of illegal time shaving/ wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

**Second cause of action against all Defendants and/or DOES: Failure to pay overtime**

55.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

56.   It is fundamental that an employer must pay its employees for the time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding on part of a wage. Labor Code section 223 prohibits the pay of less that a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only

permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

57. Defendants failed to pay overtime when employees worked over 8 hours a day and when employees worked over 40 hours a week.

58. Plaintiff and those similarly situated Class members were employed by HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES at all relevant times. Defendants and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

59. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that Defendants and/or DOES breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicated that a meal period was not taken. Defendants and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. Defendants and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class members. Defendants and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Industrial Welfare Commission Order No. 9-2001, item 3(A).

60. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses

and attorneys' fees in seeking to compel Defendants and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. Defendants and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members.  Defendants and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

**Third cause of action against all Defendants and/or DOES: Failure to provide meal periods or pay compensation in lieu thereof. (Lab. Code §§ 226.7, 512; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090)**.

61.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

62.    Under California Labor Code, section 512, and Industrial Welfare Commission Wage Order No.9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes.  During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer.  If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law.  Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

63.    In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

64.    Under California Labor Code, section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each

workday that the meal period is not provided.

65. Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five consecutive hours. As such, Defendants' and/or DOES' Non-Exempt Employees were required to work well over five consecutive hours at a time without being provided a 30 minute, uninterrupted meal period within that time.

66. Defendants and/or DOES failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees for every five continuous hours its Non-Exempt Employees worked.

67. Defendants' and/or DOES' business model was such that Non-Exempt Employees was to budget the labor at said work sites such that there were not enough employees in order to services and/or take care of the customers and/or business. The Non-Exempt Employees were pressured to either skip meal periods, take meal periods late and/or work during meal periods. In addition, Defendants and/or DOES devised a commission system and/or bonus system that incentivized employees to miss meal periods, take meal periods late, skip meal periods and/or work off the clock during meal periods.

68. Defendants' and/or DOES' business model was such that Non-Exempt Employees were called "manager trainees." The whole purpose behind such designatation was to incentivize the employees to behave like exempt employees - working late hours, long hours, not take meal periods, miss meal periods, take late meal periods and not complain bout such because if they did complain - - they would not be able to become a branch manger. In other words, they provided them the proverbial carrot to keep the workers working, without complaining about not getting their rights provided to them by the Labor Code and/or Wage Orders.

69. Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest periods.

70. Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

71. Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest periods.

72. Because of Defendants' and/or DOES' demanding uniform corporate policies and/or practices, Plaintiff and those similarly situated felt that taking meal periods would compromise their chances of advancing to the position of manager and/or advancing their careers if they exercised their rights to take meal or rest periods would sacrifice their jobs with HERTZ LOCAL EDITION; THE HERTZ CORPORATION.

73. Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

74. Defendants and/or DOES thereby failed to provide an additional 30 minute uninterrupted meal period for employees on days where they worked in excess of ten hours.

75. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512 and the IWC Wage Orders.

76. As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders. Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take meal periods through mutual consent with Defendants and/or DOES.

77. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fourth cause of action against all Defendants and/or DOES: Failure to authorize and permit rest periods or pay compensation in lieu thereof (Lab. Code § 226.7; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090)**.

78.     Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

79.     Defendants and/or DOES failed to authorize and permit its Non-Exempt Employees to take 10 minute rest periods per every four hours worked or major fraction thereof.

80.     Defendants' and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route.   The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to work through their rest periods.

81.     Throughout the statutory period, Defendants and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiff and those similarly situated not breaking route to take meal and rest periods.

82.     Throughout the statutory period, Defendants and/or DOES valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants and/or DOES.

83.     Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to meal and rest periods.

84.     Because of Defendants' and/or DOES' demanding policies on route completion times, Plaintiff and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with HERTZ LOCAL EDITION; THE HERTZ CORPORATION .

85.     Based on Defendants' and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the

health and welfare of, not only the Plaintiff and those similarly situated, but all members of the general public.

86. Throughout the statutory period, Defendants and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take an additional rest period in shifts exceeding 10 hours in a day.

87. Thus, Plaintiff and those similarly situated had no way of knowing they were to be authorized and permitted a ten minute rest period when working in excess of 10 hours a day.

88. By its failure to authorize and permit its Non-Exempt Employees to take rest periods for every four hours or major fraction thereof worked per day, Defendants and/or DOES willfully violated provisions of Labor Code section 226.7 and IWC Wage Orders. Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take rest periods through mutual consent with Defendants and/or DOES.

89. As a result of the unlawful acts of Defendants and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders.

90. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below

**Fifth cause of action against all Defendants and/or DOES: Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Orders)**

91. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

92. Section 226, subdivision (a), of the California Labor Code requires Defendants and/or DOES to itemize in wage statements all deductions from payment of wages and to

accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff and members of the proposed Class.

93. Section 1174 of the California Labor Code requires Defendants and/or DOES to maintain and preserve, in a centralized location, records showing the hours worked daily by and the wages paid to its employees. Defendants and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174. The failure of Defendants and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

94. Defendants and/or DOES failed to maintain time records - as required by IWC Wage Orders- showing, among other things, when the employee begins and ends each work period, meal period, and total daily hours worked in itemized wage statements, and all deductions from payment of wages, and to accurately report total hours worked by Plaintiff and the members of the proposed Class.

95. Plaintiffs and the Putative Class, manager trainees were injured because they could not determine their accurate pay, hours worked, piece rate units worked, deductions and/or the like.

96. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Sixth Cause of Action Failure to pay compensation for all time worked: Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B), Lab. Code §§ 200,221,222,223**

97. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

98. By their policy of not paying compensation for all time worked - including, but not limited during meal periods, before shifts, and/or after shifts scheduling time to Plaintiffs and the

proposed class of manager trainees work during unprovided rest periods- Defendants violated California law.

99. By their policy of not providing paid rest periods at the rate of ten (10) minutes net rest time per four (4) hours or major fraction there of; Defendants violated the provisions of the Wage Orders.

100. As a direct result of the unlawful acts of Defendants and/or DOES, Plaintiff and the class they intend to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to the provisions Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B) and 12(A), Lab. Code §§ 200,221,222,223.

**Seventh cause of action against all Defendants and/or DOES: Failure to pay unused and/or vested vacation time under Labor Code Section 227.3**

101. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

102. Based upon information and belief, Defendants and Does have a vacation policy, practice and/or agreement to provide paid vacation.

103. Defendants and/or DOES have certain restrictions on how it fulfills its obligation to provide vacation that are in breach of Labor Code Section 227.3.

104. Said policies and/or practices are in violation of California law, including - but not limited to Defendants and/or DOES not paying all vacation monies owed, vested and/or accrued at the employees final rate of pay at time of termination.

105. Said policies and/or practices are illegal because they are a use or lose it vacation policy, practice and/or procedure.

106. At all times mentioned herein, Defendants and DOES knew and/or should of known that said policies, procedures ad/or practices were illegal.

107. At all times mentioned herein, said policies, procedures ad/or practices were inequitable,

unfair and/or unjust to said employees.

108.    As a direct result of the unlawful acts of Defendants and/or DOES, Plaintiff and the class they intend to represent have been deprived of earned and/or vested vacation wages in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs.

**Eighth cause of action against all Defendants and/or DOES: Waiting time penalties under Labor Code section 203**

109.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

110.    Numerous members of the Class are no longer employed by Defendants and/or DOES. They were either fired or quit Defendants' and/or DOES' employ. Defendants and/or DOES did not pay all timely wages owed, straight-time wages owed, overtime wages owed, meal period premiums, and/or rest period premiums owed at the time of termination.

111.    The Defendants' and/or DOES' failure to pay wages, as alleged above, was willful in that Defendants and/or DOES and each of them knew the wages to be due but failed to pay them, thus entitling members of the Class to penalties under Labor Code, section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

112.    Defendants and/or DOES have failed to pay Plaintiff and those similarly situated Class members a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code, section 203, Plaintiff and the Class are entitled to a penalty in the amount of Plaintiff's and those similarly situated Class Members' daily wage multiplied by thirty (30) days.

113.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

- 27 -

below.

**Ninth cause of action against all Defendants and/or DOES: Violation of unfair competition law (California Bus. & Prof. Code, § 17200, et seq.).**

114. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

115. Defendants' and/or DOES' failure to pay all straight time and overtime wages owed, Labor Code 203 wages, and failure to compensate for unprovided or improperly provided rest and meal periods to Plaintiff and members of the Plaintiff Class, under the IWC Wage Orders and under the California Labor Code, and failure to keep proper records, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

116. The actions of Defendants and/or DOES in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

117. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public actually harmed and as a representative of all others subject to Defendants' and/or DOES' unlawful acts and practices.

118. As a result of their unlawful acts, Defendants and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class he seeks to represent. Defendants and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages and overtime compensation pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their failure to

provide meal periods, authorize and permit rest periods, and/or appropriate compensation in lieu of meal and rest periods to Plaintiff and members of the Plaintiff Class.

119.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' and/or DOES' unfair trade practices.

120.   As a direct and proximate result of the unfair business practices of Defendants and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein and enjoining Defendants and/or DOES from engaging in the practices described herein.

121.   The illegal conduct alleged herein is continuing, and there is no indication that Defendants and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if Defendants and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to work through meal and/or second meal periods and/or work five hours or more without receiving a meal period, will continue to fail to authorize and permit rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying wages, appropriate taxes, insurance, and unemployment withholdings.

122.   Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendants and/or DOES from requiring Plaintiff and the Plaintiff Class to work through meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

123.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

## V. **PRAYER FOR RELIEF**.

1.     That the Court determine that this action may be maintained as a Class action;

2.     For compensatory damages in an amount according to proof with interest thereon;

3.     For unpaid wages in an amount according to proof with interest at time of trial;

4.     For all monies for the violations of California Labor Code section 226.7;

5.     For economic and/or special damages in an amount according to proof with interest thereon;

6.     For all waiting time penalties owed;

7.     That Defendants and/or DOES be found to have engaged in unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

8.     That Defendants and/or DOES be ordered and enjoined to make restitution to Plaintiff and the Class due to their unfair competition,, pursuant to California Business and Professions Code sections 17203 and 17204;

9.     That Defendants and/or DOES be enjoined from continuing the illegal course of conduct alleged herein;

10.    That Defendants and/or DOES further be enjoined to cease and desist from unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

11.    That Defendants and/or DOES be enjoined from further acts of restraint of trade and unfair competition;

12.    For attorneys' fees;

13.    For interest accrued to date;

14.    For costs of suit and expenses incurred herein; and

//

15.     For such other and further relief as the Court deems just and proper.

Dated: December 4, 2014                    **THE TURLEY LAW FIRM**

_____

William Turley, Esq.
David Mara, Esq.
Representing Plaintiff PHILIP LO CASCIO
on behalf of himself and all others similarly
situated, and on behalf of the general public

F:\ACLIENTS\Class Actions\Hertz\Pleadings\Complaint Final.wpd

2/25/15 @2 48P

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Hertz Local Edition; The Hertz Corporation., and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Philip LoCascio, on behalf of himself, other similarly situated, and the general public

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/15/2014** at 01:57:24 PM<br>Clerk of the Superior Court<br>By Adriane Bennett, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego

330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2014-00042259-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley Law Firm, APLC, 625 Broadway, Suite 635, San Diego, CA 92101

DATE: ~~December 4, 2014~~ 12/16/2014            Clerk, by _____ A. Bennett            , Deputy
*(Fecha)*                                         *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):*  Hertz Local Edition

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| [SEAL]<br>Superior Court of California, County of San Diego | |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov